UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY NICKEL,

                          Petitioner,

    vs.                                                                  9:06-CV-0390

ROBERT E. ERCOLE,

                          Respondent.
_____

Thomas J. McAvoy,
Sr. U.S. District Judge

## DECISION & ORDER

      This *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was referred to the Hon. Randolph F Treece, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.4.

      The Report-Recommendation dated May 11, 2009 recommended that the petition be denied and that no certificate of appealiability be issued. The petitioner filed objections to the Report-Recommendation, essentially raising the same arguments presented to the Magistrate Judge.

      When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in

1

part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Petitioner first contends that the Magistrate Judge made certain factual errors.  The first alleged error is that the Magistrate Judge stated that "the Sheriff's Department commenced an investigation and located and interviewed some of the boys in the photographs, including K.S. and Z.K."  Petitioner claims that none of the boys in the photographs were located or interviewed and the children identified as victims in the underlying criminal case were not the children in the photographs.  This factual error is irrelevant to the legal issues presented and, thus, is an insufficient basis for rejecting the Report and Recommendation.

Petitioner also faults the Magistrate Judge for failing to "address the factual problems in declaring the children . . . competent."  Obj. at p. 4.  This does not present a factual error by the Magistrate Judge, but goes to the heart of Petitioner's claim at trial, on appeal, and in the instant Petition that the minor witnesses's testimony was not sufficiently competent because it was the product of suggestive interrogations.[1]

Petitioner next contends that the Magistrate Judge incorrectly concluded that "trial counsel identified the issue of suggestiveness . . . in his opening statement and closing statements."  While defense counsel may not have specifically used the words "suggestive questioning" or something similar, defense counsel repeatedly challenged the veracity of the minor witnesses and of the interrogation techniques utilized by law enforcement.

---

[1] The legal analysis concerning this claim is addressed in the Report-Recommendation and *infra*.

2

Moreover, the issue of suggestive questioning was the basis of pre-trial motions. Defense counsel made it very clear that "we don't know what questions [law enforcement] asked the boys. We don't even know how they even began it. . . . As a matter of fact, at one point, this photograph which is the issue, I believe, of the third count of this indictment, was shown by the officer to this boy and presumably, said is that he, is that the defendant in it? And that is the kind of interview, Your Honor, that was run. And we can – I think the proof will be it's highly suspect." Trial Tr. at 23-25. Thus, the Magistrate Judge's factual recitation in this regard is a fair characterization of the trial record.

    Next, Petitioner attacks the Magistrate Judge's findings concerning the credibility of the minor witness, K.S. K.S.'s understanding of the obligation to tell the truth in court was adequately developed by the trial court. Moreover, defense counsel clearly elicited K.S.'s history of telling non-truths and detailed the many ways in which K.S.'s testimony was inconsistent with the facts. Defense counsel also suggested that the trial court should apply the maxim *falsus in uno, falsus in omnibus* to K.S.'s testimony. Despite K.S.'s history and the inaccuracies, or falsities, of his trial testimony, the trial court was not required to disregard the entirety of K.S.'s testimony. This is particularly so where K.S.'s testimony concerning Petitioner's conduct was corroborated, at least in part, by Petitioner's statement to the police. Petitioner admitted to spending unsupervised time with K.S., to touching him in a "loving way," that the "touching gradually grew," and that the touching became "sexual in nature." Petitioner further admitted touching K.S. in a sexual way in the pool, that he would "feel K.S.'s bottom with [his] hands caressing it," that he touched K.S.'s groin, that he touched K.S. for sexual gratification, and that he was stimulated by touching K.S. Petitioner further admitted that "I may have some experiences

3

even with those boys I have mentioned but haven't recalled those experiences," leaving open the possibility that K.S. truthfully testified that Petitioner put his mouth on K.S.'s penis and inserted his finger in K.S.'s anus.

Petitioner also objects to the Report Recommendation on the ground that the failure to hold a pre-trial taint hearing to determine whether an interviewed child was the subject of suggestive questioning violates his right to due process of law. When analyzing a due process claim in the context of a criminal proceeding, the basic test is that of fundamental fairness. United States v. Valenzuela-Bernal, 458 U.S. 858, 872 (1982). Here, for the reasons stated by the Magistrate Judge, the Court finds that the trial was fundamentally fair. Unlike the situation where a court admits into the evidence the hearsay statements of minor victims given during interviews with law enforcement, here, the minor victims took the stand and were subjected to cross-examination. See United States v. Rouse, 111 F.3d 561, 569-70 (8th Cir. 1997). The law enforcement officers who interviewed the minors also took the stand. Petitioner was free to, and did, elicit testimony concerning the manner in which the interrogations were conducted. Among other things, Petitioner elicited that the individuals conducting the interviews had no significant training on interviewing minors, that the interviews were not videotaped, and that nobody else was present for the interviews except law enforcement officers and the minors. See Obj. at p. 15. Thus, Petitioner had ample opportunity to present his theory that the stories of the minor witnesses were the result of unduly suggestive interrogation tactics by law enforcement. Further, aside from conjecture and surmise, there is nothing in the record suggesting any improper interrogation techniques. Cf. State v. Michaels, 136 N.J. 299, 314 (N.J. 1994) (ordering a pre-trial hearing where, among other things, "[t]he record [was]

replete with instances in which children were asked blatantly leading questions that furnished information the children themselves had not mentioned. . . [and] [t]he record of the investigative interviews disclose[d] the use of mild threats, cajoling, and bribing.").

Petitioner also challenges the Magistrate Judge's conclusions concerning his ineffective assistance of counsel claims.  The first ineffective assistance of counsel claim pertains to trial counsel's decision not to call an expert concerning the susceptibility of minors to suggestive interviewing techniques.  This Court agrees with the Magistrate Judge's conclusions, adding only that "the basic idea that young children can be suggestible is 'not beyond the knowledge of the [trier-of-fact].'" Washington v. Schriver, 255 F.3d 45, 60 (2d Cir. 2001) (quoting People v. Washington, 238 A.D.2d 263, 264 (1st Dep't 1997)).

On the issue of the failure to seek an adjournment to review the late disclosed medical exam, the Magistrate Judge properly concluded that Petitioner failed to demonstrate prejudice.  The medical exam appears to have listed various medications that K.S. was taking.  Defense counsel adequately argued to the court that these medications could affect K.S.'s memory or ability to testify truthfully.

The Court agrees with the Magistrate Judge on all other grounds and further concludes that, considering trial counsel's performance in its totality, it did not rise to the level of being deficient and, assuming counsel's conduct to be deficient, it did not result in prejudice.

Having reviewed the record *de novo* and having considered the issues raised in the Petitioner's objections, this Court has determined to accept and adopt the recommendation for the reasons stated in the Report-Recommendation and as

supplemented above.

It is, therefore,

**ORDERED** that Petitioner's writ of habeas corpus is **DENIED** and **DISMISSED** and the request for a certificate of appealability of **DENIED.**

**IT IS SO ORDERED.**

Dated:June 8, 2009

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge